**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**





FILED

NOV 20

7:01-CV-0611
(FJS/GLS)

---

JAMES F. WEILER; SANDRA L.
WEILER; KIMBERLEY DEWEY;
ANN MARTIN; CHARLENE
POORE; KENNETH C. POORE, JR.;
CLEM CORYER; MARY CORYER;
MARIE E. CRAVEN; SHEILA
HOUSE; PHILLIP DORITY;
PAMELA DORITY; GREGORY A.
MILLS; NANCY MILLS; ROBERT
C. WOODARD; LISA WOODARD;
H. A. PATTERSON; BRIAN T.
PATTERSON; GARY MALLETTE;
and ERNESTINE M. RIECK,

           Plaintiffs,

    v.

CHATHAM FOREST PRODUCTS,
INC.,

           Defendant.

---

**APPEARANCES**

**PIPER RUDNICK LLP**
6225 Smith Avenue
Baltimore, Maryland 21209
Attorneys for Plaintiffs

**NIXON PEABODY LLP**
Omni Plaza, Suite 900
30 South Pearl Street
Albany, New York 12207
Attorneys for Defendant

**SCULLIN, Chief Judge**

**OF COUNSEL**

**PAUL D. ACKERMAN, ESQ.**

**RUTH E. LEISTENSNIDER, ESQ.**

COPIES SENT
Date
By

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs bring the present action pursuant § 304(3) of the Clean Air Act ("CAA"), as amended, 42 U.S.C. § 7604(a)(3), alleging that Defendant has failed to comply with various permitting requirements of the CAA and seeking an order enjoining Defendant from proceeding with the proposed construction of a manufacturing facility. Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### II. BACKGROUND

The instant dispute revolves around Defendant's proposed construction of an oriented strand board ("OSB") production facility in Lisbon, New York (the "Lisbon Facility"). Plaintiffs, a group of individuals living in areas surrounding the proposed Lisbon Facility site, claim that they will be harmed by airborne pollutants from the proposed Lisbon Facility.

The New York State Department of Environmental Conservation ( "DEC") is the primary CAA permitting authority for the State of New York, operating under an EPA-authorized state implementation plan ("SIP"). *See* Amended Complaint at ¶ 16. On December 22, 1999, Defendant applied to the DEC for a "minor source" permit for the proposed Lisbon Facility. *See id.* at ¶ 17. After review by the DEC, public notice and comment, and litigation in state court, Defendant eventually withdrew its application on August 15, 2001. *See id.* at ¶¶ 18-33.

Defendant thereafter filed a second permit application on August 30, 2001, in which Defendant addressed concerns that came to light in the prior application process. *See id.* at ¶ 34. On September 26, 2001, the DEC issued a "draft revised state permit" for public notice and

-2-

comment. *See id.* at ¶ 35. After further review by the DEC and public notice and comment, the

DEC issued a "synthetic minor source" permit for the Lisbon Facility dated November 15, 2001.

*See id.* at ¶ 37.

Plaintiffs commenced the instant action by amended complaint dated January 24, 2002.[1]

### III. DISCUSSION

A court may not dismiss an action pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure "'unless it appears beyond doubt that the plaintiff can prove no set of facts which

would entitle him or her to relief.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.

2002) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000)). In making this determination,

the court must "constru[e] the complaint liberally, accepting all factual allegations in the

complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Id.* (citing

*Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)).

Plaintiffs bring the instant action under the CAA's citizen suit provision, which

authorizes, *inter alia*, private suits against "any person who proposes to construct or constructs

any new or modified major emitting facility without a permit required under part C . . . or part D

of subchapter I of this chapter . . . ." 42 U.S.C. § 7604(a)(3).[2]

---

[1] Plaintiffs initially brought an action challenging Defendant's first permit application on
April 24, 2001. However, since Defendant eventually withdrew its first permit application,
Plaintiffs' initial complaint was rendered moot.

[2] Defendant asserts that the Court lacks subject matter jurisdiction under 28 U.S.C.
§ 1331 because no federal question is presented. Specifically, Defendant asserts that Plaintiffs'
complaint relates entirely to the permitting process under New York's SIP, which, Defendant
argues, is entirely a creature of state law. At the risk of stating the obvious, however, New
York's EPA-approved SIP implements the CAA, which is entirely a creature of federal law. As

Plaintiffs assert that Defendant "proposes to construct a new major emitting facility in an ozone nonattainment area without obtaining a mandatory CAA part D permit." *See* Dkt. No. 42 at 9.  Plaintiffs essentially argue that Defendant's permit is so procedurally and substantively deficient that Defendant is proceeding "without a permit," thus bringing their grievance within the ambit of § 7604(a)(3).  Defendant contends that it has procured a permit as required by § 7604(a)(3) and argues further that Plaintiffs may not use this statute to review the permitting process.

The instant case requires the Court to determine the meaning of the "without a permit" language of § 7604(a)(3).  "Statutory analysis begins with the plain meaning of a statute." *Natural Res. Def. Council, Inc. v. Muszynski*, 268 F.3d 91, 98 (2d Cir. 2001) (citation omitted). "The plain meaning can be extrapolated by giving words their ordinary sense." *Id.* (citation omitted).  In construing a statute, a court must avoid absurd results. *See id.* (citations omitted).

---

the Sixth Circuit succinctly stated, "[i]f a state implementation plan ("SIP") is approved by the EPA, its requirements become federal law and are fully enforceable in federal court." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 335 (6th Cir. 1989) (citations omitted); *cf. Council of Commuter Orgs. v. Metro. Transp. Auth.*, 683 F.2d 663, 665 (2d Cir. 1982) ("[The] district court is the proper forum for suits . . . to compel state and local agencies and officials to comply with requirements of a state implementation plan (SIP) approved by EPA . . . .").  Accordingly, the Court finds that it has subject matter jurisdiction.

Defendant also asserts that Plaintiffs lack standing to prosecute the instant action. Specifically, Defendant argues that Plaintiffs' amended complaint fails to allege sufficient specific facts to establish standing. *See* Defendant's Reply Memorandum of Law at 1-3. Plaintiffs contend that they do have standing, that they have sufficiently pleaded the requisite facts, and that they are prepared to provide the Court with affidavits and other evidence to support their standing. *See* Plaintiffs' Opposition to Defendant's Motion to Dismiss at 6-8 ("Dkt. No. 42").  Defendant's argument thus goes more to the technical sufficiency of the pleadings rather than the merits of the legal question.  Accordingly, assuming *arguendo* that Defendant is correct, any deficiency in Plaintiffs' pleadings could be resolved by a second amendment to the complaint.  In any event, the Court will assume for the purposes of the instant motion that Plaintiffs have standing.

-4-

New York's SIP provides for review and permitting of new sources of airborne pollutants. A new source may be deemed a "major source," "minor source," or "synthetic minor source," depending on the estimated output of pollutants and the location of the source. A "synthetic minor source" is a source that voluntarily agrees to keep its emissions below the levels specified for a "major source," thus obviating the need for a major source permit. *See* 6 N.Y. Comp. Codes R. & Regs. § 201-7.2(a) (2002).

As set forth above, § 7604(a)(3) of the CAA contemplates suits against entities that attempt to construct a new major emitting facility *without* a required permit. It is undisputed that Defendant has obtained a synthetic minor source permit from the DEC pursuant to New York's EPA-approved SIP. It is therefore clear that Defendant has obtained a permit that satisfies the requirements of the CAA.[3]

Plaintiffs nevertheless argue that the Lisbon Facility is *in fact* a major emitting facility and thus should be subject to a more stringent permit requirement. Plaintiffs' argument, however, would effectively read the synthetic minor source permit provision out of the SIP. By definition, a synthetic minor source has the potential to emit at a major source level but does not because of a voluntary agreement to hold emissions below the threshold level.[4] To require a synthetic minor source permit-holder to obtain a major source permit because it has the potential to emit at major source levels would render the synthetic minor source permitting provisions a

---

[3] The DEC explicitly found that the Lisbon Facility will not emit at a major source level.

[4] Plaintiffs' concern that Defendant will not be able to maintain emissions below the threshold for a major emitting facility is speculation and does not provide a basis for their claim.

-5-

nullity.  Defendant is thus not proceeding without a permit.[5]  Accordingly,  the Court finds that

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and, thus,

dismisses Plaintiffs' amended complaint.[6]

---

[5]  Plaintiffs only cause of action at this point, if any, is against the DEC.  Plaintiffs concede that "it is theoretically possible for [Defendant] to avoid CAA part D permitting requirements by obtaining a minor source permit from DEC that contains verifiable provisions that limit [Defendant's] emissions to minor source."  *See* Dkt. No. 42 at 9.  It is thus clear that the gravamen of Plaintiffs' complaint concerns the content of Defendant's permit.  Indeed, Plaintiffs characterize their grievance as follows:

> If Chatham had limited its emissions to minor source levels in a
> practically enforceable and verifiable way, the Neighbors would be
> satisfied.  Unfortunately, however, Chatham's minor source permit
> fails, as a matter of law, to accomplish the objective of limiting its
> emissions with practically enforceable, verifiable limitations.  As a
> result, the minor source permit does not operate to relieve Chatham

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment for Defendant and close this case.

**IT IS SO ORDERED.**

Dated: November 20, 2002
Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Judge